133 F.3d 922
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
LeAnn J. HANNA, Plaintiff-Appellant,
v.
LIBERTY MUTUAL INSURANCE COMPANY, Defendant-Appellee.
 No. 97-2066.
 United States Court of Appeals, Eighth Circuit.
 Submitted: Nov. 21, 1997.
Decided: Jan. 14, 1998.
 
 Before LOKEN, HEANEY, and BRIGHT, Circuit Judges.
 PER CURIAM.
 
 
 1
 LeAnn Hanna suffered a work-related injury in June 1992 and filed a workers compensation claim with the Iowa Industrial Commission. After her employment was terminated in February 1993 and her compensation benefits were terminated in October 1993, she filed this action against her former employer and its workers compensation insurer, Liberty Mutual Insurance Company, alleging bad faith denial of insurance benefits and retaliatory discharge. Defendants removed, and the district court[1] granted Liberty's motion for summary judgment. The court dismissed Hanna's bad faith claim because "Hanna has produced no evidence upon which a jury could find that Liberty Mutual lacked a reasonable basis for denying the claim" for permanent benefits. It dismissed the discharge claim against Liberty because Hanna produced no evidence that it had participated in the employer's decision to discharge. Hanna then moved to alter or amend the judgment, arguing that the court had failed to consider two "latent issues" of first impression presented by her bad faith claim; alternatively, Hanna moved to certify those issues to the Iowa Supreme Court. The district court denied both motions, and Hanna appeals.
 
 
 2
 On appeal, Hanna argues that the district court failed to address her contention that Liberty was guilty of bad faith conduct prior to its ultimate decision to terminate benefits in October 1993; that she presented sufficient evidence to avoid summary judgment on her claims of bad faith benefits denial and participation in a retaliatory discharge; and that the district court erred in denying her motions to alter or amend and to certify questions to the Iowa Supreme Court. After careful review of the record, we conclude that the district court's opinion granting summary judgment did address all issues fairly presented by Hanna's summary judgment motion papers, and that the other issues she raises on appeal are without merit for the reasons stated in the district court's Memorandum Opinion and Order dated August 27, 1996, and its orders dated January 13, 1997, and February 18, 1997. Accordingly, we affirm. See 8th Cir. Rule 47B.
 
 
 
 [1]
 The HONORABLE MARK W. BENNETT, United States District Judge for the Northern District of Iowa